```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
J.A. AND N.D., INDIVIDUALLY AND  :
ON BEHALF OF J.A.,               :
                                 :
                    Plaintiffs,  :     22-CV-9454 (VEC)
                                 :
        -against-                :     ORDER ADOPTING
                                 :     REPORT AND
                                 :     RECOMMENDATION
NEW YORK CITY DEPARTMENT OF      :
EDUCATION,                       :
                                 :
                    Defendant.   :
-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 7, 2022, Plaintiffs J.A. and N.D., individually and on behalf of their son, J.A., brought this action against the New York City Department of Education ("DOE") seeking, as is relevant now, attorneys' fees and costs under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1482 (the "IDEA"), *see* Compl., Dkt. 5;

WHEREAS on November 9, 2022, the Court referred this matter to Magistrate Judge Gorenstein for general pre-trial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Order, Dkt. 7;

WHEREAS on March 3, 2023, Plaintiffs moved for summary judgment as to attorneys' fees, *see* Pls. Not., Dkt. 26;

WHEREAS on August 4, 2023, Judge Gorenstein entered an R&R recommending that Plaintiffs' motion be granted and that Plaintiffs be awarded $23,331.48 in attorneys' fees, expenses, and costs, *see* R&R, Dkt. 54;

WHEREAS Judge Gorenstein notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they were permitted to object to the R&R, *id.* at 23;

WHEREAS on August 18, 2023, Defendant objected to the R&R, *see* Def. Obj., Dkt. 55;

WHEREAS on September 7, 2023, Plaintiffs responded to Defendant's Objection, *see* Pls. Resp., Dkt. 59;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS a court may accept the findings of an R&R as to which no party objects, provided that "there is no clear error on the face of the record," *King v. Greiner*, No. 02-CV-5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also* Fed R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.");

WHEREAS an error is clear when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS when specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS the Court reviews for clear error when a party's objections are conclusory, general, or simply reiterate arguments made before the magistrate judge, *S.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1922, 2021 WL 100501, *2 (S.D.N.Y. Jan. 21, 2021) (citing *Espada v. Lee*, No. 13-CV-8404, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016)); and

WHEREAS clear error review applies here because each of DOE's objections simply regurgitate arguments made before the magistrate judge, *see* Def. Obj. at 5–6[1] and Def. Opp'n, Dkt. 32 at 19–20 (arguing that Plaintiffs' attorneys improperly billed for administrative tasks); Def. Obj. at 3–4 and Def. Opp'n at 10–11 (arguing that Plaintiffs' attorneys protracted proceedings); Def. Obj. at 2 and Def. Opp'n at 11 (arguing for an 80% reduction in fees for the administrative action); Def. Obj. at 4 and Def. Opp'n at 7–9, 9 n.5 (arguing for capping fees);

IT IS HEREBY ORDERED that the R&R is adopted in full; Plaintiffs' motion is granted, and Plaintiffs are awarded $23,331.48 in attorneys' fees, expenses, and costs.

IT IS FURTHER ORDERED that Plaintiffs are awarded an additional $937.50 in attorneys' fees for time spent preparing their response to DOE's objections.

Defendant DOE objects to the R&R on two grounds: (1) that Judge Gorenstein's 10% reduction in attorneys' hours for the administrative action did not adequately account for attorneys' billing errors and inefficiency, *see* Def. Obj. at 5–6; and (2) that Judge Gorenstein should have capped Plaintiffs' recovery as of the date of DOE's settlement offer ("Offer") because the relief awarded was not more favorable than the Offer made.  Def. Obj. at 3–4.  For the reasons discussed below, neither objection is persuasive.

## I. Judge Gorenstein Did Not Clearly Err in Reducing Attorneys' Hours by Just 10%

DOE first argues that the R&R's 10% reduction in attorneys' hours for the administrative action was inadequate to account for billing of administrative tasks and for inefficient protraction of proceedings.  Def. Obj. at 2.  Instead, Defendant seeks an 80% reduction.  *Id.*

---

[1] The Court refers to the internal pagination of the parties' documents rather than the docket file's page numbers.

Courts assess whether attorneys' hours were reasonable at the time work was performed, not with hindsight. *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). "[E]xcessive, redundant, or otherwise unnecessary" hours are not reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts have considerable discretion because of the fact-specific nature of fee determination inquiries. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants" but instead may base calculations on "their overall sense of a suit, and may use estimates." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *see also Lunday v. Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("item-by-item" review of billing entries unnecessary); *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citing *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (allowing percentage reductions to trim fat)).

While somewhat on the low side of what was a reasonable reduction, Judge Gorenstein properly exercised his discretion to reduce the attorneys' hours by just 10%. The R&R accounted for DOE's claim about administrative billing entries. R&R at 15. The R&R also considered and rejected DOE's claim that Plaintiffs had protracted the proceedings. *Id.* at 16 n.5.; *see also E.W. v. N.Y.C. Dep't of Educ.*, 21-CV-11208 (VEC) (GWG), 2023 WL 4883324, at *2 (S.D.N.Y. July 31, 2023). That Judge Gorenstein reduced attorneys' hours by a percentage rather than an exact amount does not render the recommendation inappropriate. *McDonald*, 450 F.3d at 96 (citing *Kirsch*, 148 F.3d at 173). Judge Gorenstein's 10% reduction was not clear error, so the Court overrules DOE's argument that the requested fees should have been reduced by a whopping 80%.

**II.     Plaintiffs' Relief Was More Favorable than DOE's Offer**

DOE next argues the Court should cap Plaintiffs' award at the amount DOE offered in October 2019 because Plaintiffs failed to negotiate the Offer and because the relief awarded was not more favorable than the Offer.  Def. Obj. at 3–4.

Under the IDEA, a court may award reasonable attorneys' fees to a prevailing party who obtains more favorable relief than the terms of a rejected settlement offer, or, if the ultimate relief is less favorable, who was "substantially justified in rejecting the settlement offer."  20 U.S.C. §§ 1415(i)(3); *see, e.g.*, *E.W.*, 2023 WL 4883324, at \*9, \*14–15.  "[D]etermination of fees should not result in a second major litigation," *Fox*, 563 U.S. at 838 (internal quotation marks omitted), and a court may reduce a fee award if attorneys "unreasonably protracted the final resolution of the controversy."  20 U.S.C. § 1415(i)(3)(F)(i).  "[N]either should the threat that counsel will not receive its reasonable fees be a bludgeon . . . to coerce the parent at the administrative stage to an inadequate settlement or to a compromise of the parent's rights."  *M.H. v. N.Y.C. Dep't of Educ.,* No. 20-CV-1923 (LJL), 2021 WL 4804031, at \*21 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023).

Plaintiffs' fees should not be capped because the relief obtained for pre-Offer attorneys' fees — which Judge Gorenstein calculated to be $5,926.59[2] — is more favorable than the amount offered by DOE for the same period — which was $3,051.25.  *See M.D. v. N.Y.C. Dep't of Educ.*, No. 21-CV-9180 (LGS), 2023 WL 2557408, at \*6 (S.D.N.Y. Mar. 17, 2023) (holding that because plaintiff's final award for pre-offer fees and costs exceeded the amount in defendant's settlement offer, the IDEA fee cap did not apply); *T.H. v. N.Y.C. Dep't of Educ.*, No.

---

[2]     DOE argues that Plaintiffs were entitled only to $1,317.02 for pre-Offer work.  Def. Obj. at 8.  It reaches that number by reducing attorneys' hours by 80%.  Because Judge Gorenstein properly exercised his discretion in applying a 10% reduction, as discussed above, DOE's numbers are not persuasive.

21-CV-10962 (JMF) (JLC), 2022 WL 16945703, at *7–8 (S.D.N.Y. Nov. 15, 2022), *report and recommendation adopted*, No. 21-CV-10962 (JMF) (JLC), 2022 WL 17991623 (S.D.N.Y. Dec. 29, 2022) (same). The fee cap therefore does not apply.

DOE next contends, as it did before Judge Gorenstein, that Plaintiffs unnecessarily proceeded to an administrative hearing without negotiating the Offer. Def. Obj. at 4, 5 n.1; Def. Opp'n at 9 n.5. Plaintiffs argued before Judge Gorenstein that DOE explicitly said the Offer was "*in full and final satisfaction*," indicating its unwillingness to accept a counteroffer. Pls. Reply, Dkt. 37 at 5 (emphasis added). Judge Gorenstein rejected DOE's argument in the R&R. R&R at 17 n.6. The Court cannot say that Plaintiffs were entirely unreasonable in believing they could not achieve better terms absent a hearing; that said, the better practice — and the practice that likely would have been better for J.A. — would have been for Plaintiffs' counsel to have engaged with Defendant's counsel in a professional way.

In short, Plaintiffs' attorneys' fees need not be capped at the pre-Offer amount. Plaintiffs obtained more favorable relief in the form of greater attorneys' fees, and it was not entirely unreasonable for them to fail to negotiate. The R&R, reaching the same conclusion, does not contain clear error.

### III. There Is No Clear Error in the Remainder of the R&R's Findings

As to the remainder of the R&R to which neither party objected, the Court finds no clear error.[3] Accordingly, those portions of the R&R are adopted in full. *See* Fed. R. Civ. P. 72(b) advisory committee's note.

---

[3] Plaintiffs' letter dated September 11, 2023, alerted the Court to a recent decision that granted Walsh, one of Plaintiffs' attorneys, an hourly rate of $500. *See* Letter, Dkt. 60 (citing *H.W. v. N.Y.C. Dep't of Educ.*, 22-CV-3282 (JGK), 2023 WL 5846608 (S.D.N.Y. Sept. 8, 2023)). Although neither party objected to the R&R's recommended hourly rates, the Court notes that Judge Gorenstein did not clearly err in setting the rates. A rate of $500 per hour was near the top of the range considered by Judge Gorenstein, *see* R&R at 9–10 (using "senior attorney rate of between $367.50 and $498.75 per hour" to calculate Walsh's rate), and it was not clear error to set the rate at the bottom of a reasonable range instead of at the top.

## CONCLUSION

For the foregoing reasons, Defendant's objections to the R&R are overruled, and the R&R is adopted in full.

Plaintiffs' attorney Walsh spent an additional 2.5 hours preparing a four-page response to DOE's objections, which the Court finds reasonable, albeit at the upper reaches of what would be reasonable. Pls. Resp. at 4; *see e.g.*, *D.B. on behalf of S.B. v. N.Y.C. Dep't of Educ.*, No. 18CIV7898 (AT) (KHP), 2019 WL 4565128, at *5 (S.D.N.Y. Sept. 20, 2019) (awarding fees for 10.52 hours reasonably spent preparing plaintiff's fifteen-page response to defendant's objections). The Court applies Judge Gorenstein's recommended rate of $375 per hour for Walsh and awards Plaintiffs an additional $937.50 in attorneys' fees. In total, Plaintiffs are awarded $24,268.98 in attorneys' fees, expenses, and costs.

**SO ORDERED.**

Date: **November 3, 2023**
      **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**